Robert A. PAULS, etc., et al., Plaintiffs-Appellees,

v.

The SECRETARY OF the AIR FORCE, et al., Defendants-Appellants.

No. 71–1044.

United States Court of Appeals, First Circuit.

Heard Nov. 16, 1971.

Decided March 27, 1972.

Morton Hollander, Atty., Dept. of Justice, with whom L. Patrick Gray III, Asst. Atty. Gen., Julio Morales-Sanchez, U. S. Atty., Alan S. Rosenthal, and William Kanter, Attys., Dept. of Justice, were on brief, for defendants-appellants.

Harvey B. Nachman, San Juan, P. R., with whom Nachman, Feldstein & Gelpi, San Juan, P. R., was on brief, for plaintiffs-appellees.

Before COFFIN, Circuit Judge, VAN OOSTERHOUT*, Senior Circuit Judge, and STEPHENSON *, Circuit Judge.

VAN OOSTERHOUT, Senior Circuit Judge.

The Secretary of the Air Force and named Air Force officer defendants have taken this timely appeal from judgment entered by the District Court, filed December 31, 1970, adjudging the plaintiffs in these consolidated cases, Captain Pauls and Captain Criscuolo, be retained in active duty in the United States Air Force pending final disposition of this litigation; that the case be remanded to the Air Force Board for the Correction of Military Records; that disclosure be made of pertinent statistical data requested by plaintiffs to the extent that it is unclassified; and that the Board make detailed findings of fact. The court retained jurisdiction "for review of final determination by the Secretary of the Air Force of plaintiffs' administrative petitions."

Since, as will hereinafter appear, we dispose of this appeal on jurisdictional grounds, a detailed statement of the voluminous factual matter disclosed by the record is not required. Pauls and Criscuolo were captains in the Air Force stationed in Puerto Rico. Pauls was initially scheduled to be released from duty on June 30, 1967, and Criscuolo on June 30, 1968, in accordance with Air Force Regulation 36-12 since they had been considered and passed over for promotion to major on at least two occasions. Due to the needs in Southeast Asia, both officers were retained in the Air Force at the pleasure of the Secretary. During the period of extension both officers were *again considered for promotion and* passed over.

In 1969 the Secretary of Defense announced the implementation of Project 703 under which passed-over officers such as plaintiffs who had not served eighteen years were to be separated from service on March 31, 1970. At the request of each of the plaintiffs, the Air Force extended their service to June 30, 1970. Six hundred officers have been released under Project 703. On the critical date for determining length of service, Criscuolo had active duty of fourteen years and five months and Pauls of seventeen years and eight months.

These actions were commenced on June 26, 1970. An order was entered in each case on June 29, 1970, restraining the release of each plaintiff from the Air Force. Hearing was set on plaintiffs' motion for temporary injunction on July 6. The hearing was continued. The

* Of the Eighth Circuit, sitting by designation.

temporary restraining order was extended by stipulation. Defendants have filed motion to vacate the temporary restraining order and have resisted the application for temporary injunction.

Defendants urge, among other grounds, that the court acquired no jurisdiction over the plaintiffs' action and thus had no authority to issue a restraining order or a temporary injunction. On August 13, 1970, hearing was held on the application for temporary injunction and defendants' motion to vacate the temporary restraining order. The order entered on December 31, 1970, heretofore referred to, in effect grants the temporary injunction.

Plaintiffs' basic contention is that their supervisory officers in making periodic Officer Effectiveness Reports (O.E.R.s) strictly followed the regulations relating to the rating system and gave plaintiffs ratings which under the regulations would put them in the top 15% of the officers eligible for promotion, while other reviewing officers in disregard of the regulations gave their personnel inflated ratings. The O.E.R. rating reports are placed in each officer's military records and are part of the record considered by officer promotion boards in determining which officers are entitled to promotion. The number of officers given promotion depends on the number of officers needed in each officer category and the quota of officers needed in the higher grades is generally considerably less than the available supply with the result that many loyal and capable officers cannot be promoted or retained in the service. Plaintiffs' contention is that the inflated ratings given other officers in violation of the regulations resulted in placing the plaintiffs well below the top 15% of officers eligible to be considered for promotion.

Affidavits of many of the officers making plaintiffs' O.E.R.s were filed to support plaintiffs' contentions that they were capable officers entitled to promotion and that affiants' strict adherence to the regulations placed plaintiffs in an unfavorable position compared to some other officers who had received inflated ratings from other rating officers.

After exhausting available administrative procedures within the service to correct their records, plaintiffs sought correction of records by the Air Force Board for the Correction of Military Records pursuant to 10 U.S.C.A. § 1552. The Board afforded plaintiffs a full evidentiary hearing and denied relief. The suits now before us followed.

The relief sought is to enjoin defendants (1) from releasing plaintiffs from active service, (2) from refusing to correct plaintiffs' military records to show that they had not been passed over for promotion, and (3) from refusing to delete certain unfair O.E.R.s from their military records.

Defendants' present appeal is from the District Court's order of December 31, 1970, enjoining plaintiffs' release from active service during the pendency of this litigation and remanding the case to the Board directing discovery and detailed findings of fact. The defendants upon appeal present the following questions for review:

"1. Whether the district court had jurisdiction over plaintiffs' actions, which were brought to set aside their five passovers for promotion in the Air Force.

2. Whether the district court erred in adjudicating plaintiffs' rights, if any, under the Freedom of Information Act, 5 U.S.C. 552, and in ordering the Air Force to disclose certain statistical data to plaintiffs under that Act.

3. Whether the Air Force Board for the Correction of Military Records violated any applicable statute or regulation in denying plaintiffs' claim for correction of their records.

4. Whether the district court had any basis upon which it could properly enjoin plaintiffs' release from active duty."

Plaintiffs filed a brief resisting the defendants' contentions and asserted in addition that this court has no appellate

jurisdiction as the judgment appealed from is not a final judgment.

█ We shall first consider the issue of our jurisdiction to entertain the appeal. Courts of appeal have only such jurisdiction as is conferred upon them by statute. Two attacks on our jurisdiction are made. The first attack, made by the Government, is that the trial court lacks subject matter jurisdiction to entertain the present case. It is well-established law that military officers serve at the pleasure of the President and have no constitutional right to be promoted or retained in service and that the services of an officer may be terminated with or without reason. Reaves v. Ainsworth, 219 U.S. 296, 306, 31 S.Ct. 230, 55 L.Ed. 225; Orloff v. Willoughby, 345 U.S. 83, 93–94, 73 S.Ct. 534, 97 L.Ed.2d 842; Cortright v. Resor, 2 Cir., 447 F.2d 245, 253–254; Arnheiter v. Chafee, 9 Cir., 435 F.2d 691; Muldonian v. United States, 432 F.2d 443, 447, 193 Ct.Cl. 99; Payson v. Franke, 108 U.S.App.D.C. 368, 282 F.2d 851, 854.

Plaintiffs concede in their brief that the trial court has no jurisdiction to order the promotion of an officer or to overrule the decision not to promote. Plaintiffs state that their complaint is not based upon their right to promotion but upon their right to have their multiple O.E.R.s corrected under 10 U.S.C.A. § 1552. They urge that the Correction Board did not comply with applicable statutes and regulations in the manner it considered plaintiffs' cases, particularly alleged failure to make detailed findings of fact and its failure to make available to plaintiffs requested information. They urge that the Board is obligated to follow applicable statutes and regulations.

The Fifth Circuit in Mindes v. Seaman, 5 Cir., 453 F.2d 197, 201 (1971), in a case involving a rather similar factual situation lends support to plaintiffs' position. The court holds:

"[W]e have distilled the primary conclusion that a court should not review internal military affairs in the absence of (a) an allegation of the deprivation of a constitutional right, (b) an allegation that the military has acted in violation of applicable statutes or its own regulations, (c) exhaustion of available intraservice corrective measures. The second conclusion, and the more difficult to articulate, is that not all such allegations are reviewable."

No violation of plaintiffs' constitutional rights has been asserted or established in our present case. The relevant portion of the Mindes opinion is that dealing with allegations that the military has acted in violation of applicable statutes or its own regulations and as to whether jurisdiction to review the Board's action is established.

The Mindes court goes on to set out four factors to be weighed in determining whether the military action is reviewable and holds that such weighing is the function of the trial court. The trial court in our present case has made no such evaluation.

The members of the panel are not in agreement upon the issue of whether the trial court has subject matter jurisdiction under the record before us to entertain this action. Since further findings by the Correction Board and the trial court may clarify the issue of subject matter jurisdiction, we have chosen not to rest our decision upon the subject matter jurisdiction issue.

█ The other issue relating to jurisdiction is the issue raised by the plaintiffs that we lack appellate jurisdiction to review the judgment appealed from. We are convinced that the only issue properly before this court on this appeal is the order granting plaintiffs injunctive relief. The basic statute here pertinent is 28 U.S.C.A. § 1291 which authorizes appeals from final decisions of the district courts. "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911. The order here appealed from clearly does not meet the final decision test. A remand order for further proceedings is

not a final judgment within the meaning of § 1291. United Transportation Union v. Illinois Central Railroad Co., 7 Cir., 433 F.2d 566, 568; Transportation-Communication Division v. St. Louis-San Francisco Railway Co., 8 Cir., 419 F.2d 933, 935.

■ Order for production of documents or information entered in the course of a civil action is not a final order and is not appealable. Alexander v. United States, 201 U.S. 117, 121–122, 26 S.Ct. 356, 50 L.Ed. 686; Cobbledick v. United States, 309 U.S. 323, 327, 60 S.Ct. 540, 84 L.Ed. 783; Borden Co. v. Sylk, 3 Cir., 410 F.2d 843, 845–846; 9 Moore's Federal Practice ¶ 110.13(2).

■ Section 1292(a) confers appellate jurisdiction under a limited, specified type of interlocutory order. The only part of such statute here pertinent is the provision allowing an appeal from "interlocutory orders . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions. . . . " This provision clearly authorizes the defendants' appeal from the portion of the court's order refusing to dissolve the temporary restraining order and enjoining plaintiffs' release pending the disposition of the case.

This court lacks jurisdiction to entertain an appeal from any portion of the order appealed from except that relating to injunctive relief. Consequently issues other than the propriety of the injunctive relief are not properly before us and will not be considered.

■ As heretofore stated, the issue of the validity of the trial court's order granting temporary injunctive relief against the termination of plaintiffs' services is properly before us. A large discretion rests in the trial court in determining whether temporary injunctive relief is warranted.

"The standards which should guide the decision to grant a preliminary injunction have been often stated. The movant must show a substantial likelihood of success on the merits, and that irreparable harm would flow from the denial of an injunction. In addition, the trial court must consider the inconvenience that an injunction would cause the opposing party, and must weigh the public interest as well." Quaker Action Group v. Hickel, 137 U.S.App.D.C. 176, 421 F.2d 1111, 1116.

■ Plaintiffs have failed to show any substantial likelihood of ultimate success in this litigation. Plaintiffs' evidence in support of their correction of O.E.R.s is principally based upon a contention that they have been discriminated against because their rating officers have strictly followed the regulations whereas other rating officers have given inflated ratings to officers similarly situated. The record reflects that the Air Force and the Promotion Board were aware of the lack of perfection in the rating system but were unable to devise a better one. The O.E.R. is only one of many factors considered by the Promotion Board. The discrimination, if any exists, could only be corrected by reviewing the multiple ratings given all officers eligible for promotion in the plaintiffs' class. This would be an almost impossible task which would consume a tremendous amount of time which could better be used for other purposes. There is no certainty that any revision in ratings that might be accomplished would result in plaintiffs' promotions. The cases heretofore cited holding promotions to be discretionary and not subject to court review clearly minimize any chance of the plaintiffs to ultimately succeed in their efforts to be promoted.

The detriment to the Air Force in retaining officers it desires to retire is at least as great as that of the officers retired. Services of officers chosen for retirement will likely be of little benefit to the Air Force and will hamper the promotion of officers the Air Force desires to promote and may well impair the efficiency of the Air Force. In the event plaintiffs should ultimately prevail in this litigation, they can be compensated by backpay and restoration of full seniority rights. The public interest will

not be adversely affected by denying injunctive relief.

The injunctive relief has now been in effect for some twenty-one months. Considerable additional time will elapse before the issues presented by this litigation are finally adjudicated. We hold that the court erred in continuing the restraining order and in granting temporary injunctive relief.

A possible issue not raised in the pleadings has arisen in this case. Captain Pauls, since the filing of his petition and the submission of the case in the trial court but prior to the trial court's decision, completed eighteen years of service. Pauls contends in his brief before us that he is entitled under 10 U.S. C.A. § 1006 to be retained in service absent a promotion by reason of his eighteen years of service. On this issue, the trial court stated:

> "It is a possibility that this action under other statutes has become moot, since Captain Pauls may have reached sanctuary in grade. This has not been presented to this Court and the Court makes no determination of fact in this respect. This is left to the interpretation of the Air Force of its own statutes and regulations in the first instance."

The government urges in brief that § 1006 does not affect the right of the Air Force to discharge and additionally asserts that the statute is not applicable because the eighteen years of service was acquired solely by reason of the restraining order. Such issue was not properly before the trial court nor was it passed upon by the trial court. The issue is not before us for review upon this appeal. Accordingly, we express no view on the effect of § 1006 upon Pauls' right to be retained in the Air Force.

The appeal is dismissed for want of appellate jurisdiction on all issues except the injunction issue. The order insofar as it keeps in force the temporary restraining order, and insofar as it grants temporary injunctive relief is reversed and vacated.