## MEMORIAL HOSPITAL SYSTEM, Plaintiff-Appellant,

### v.

## Margaret M. HECKLER, Secretary of Health and Human Services, Defendant-Appellee.

### No. 85–2312.

United States Court of Appeals, Fifth Circuit.

Aug. 15, 1985.

Fulbright & Jaworski, Lawrence R. Mullen, Houston, Tex., for plaintiff-appellant.

Henry K. Onchen, U.S. Atty., James R. Gough, Asst. U.S. Atty., Houston, Tex., Charlene M. DeBolt Seifert, Dallas, Tex., for defendant-appellee.

Before REAVLEY, TATE and HILL, Circuit Judges.

*On Motion to Dismiss the Appeal*

TATE, Circuit Judge:

This appeal arises from an action filed by the plaintiff hospital for judicial review of a final administrative decision by the Secretary relating to the amount of medicare reimbursement due it. 42 U.S.C. §§ 1395 *et seq.* (Title XVIII of the Social Security Act), at § 1395*oo*. Ultimately, the district court entered an order remanding the case to the Provider Reimbursement Review Board for the purpose of its receiving newly acquired evidence relevant and material to the determination of the validity of the labor/delivery room policy.

The plaintiff hospital timely appealed from this order remanding the proceedings to the administrative agency for it to receive further evidence and make further determinations. The defendant Secretary moves to dismiss the appeal on the ground that the remand order is not an appealable final order under 28 U.S.C. § 1291. The motion is well taken and will be granted.

An order of the district court that remands the proceedings to the administrative agency for further evidence or findings, in an action for judicial review of an earlier administrative decision, is ordinarily regarded as not an appealable final judgment. *Silver v. Secretary of the Army,* 554 F.2d 664 (5th Cir.1977); *Barfield v. Weinberger,* 485 F.2d 696 (5th Cir.1973). *See also: Howell v. Schweiker,* 699 F.2d 524 (11th Cir.1983); *Loffland Brothers v. Rougeau,* 655 F.2d 1031 (10th Cir.1981); *Eluska v. Andrus,* 587 F.2d 996 (9th Cir. 1978); *United Transportation Union v. Illinois Central Railroad Company,* 433 F.2d 566 (7th Cir.1970); 15 Wright, Miller, and Cooper, Federal Practice and Procedure, § 314 at 550–53 and 550 n. 42 (1976); 9 Moore's Federal Practice, ¶ 110.08[1] at p. 117 n. 44 (1985) & at p. 29 (Cumm.Supp. 1984–85).

Nor are any peculiar circumstances here shown to justify appealability under collateral order or death knell reasoning, as has occasionally been held allowable. *See* Wright, Miller and Cooper, *supra.* Nor, despite the plaintiff hospital's conclusory suggestion to such effect, is the order in question an appealable interlocutory order under the terms of 28 U.S.C. § 1292, at least in the present absence of any § 1292(b) certification by the district court as to statutorily-specified reasons for allowing appealability of an interlocutory order.

Accordingly, we DISMISS the appeal.

APPEAL DISMISSED.