**MALL PROPERTIES, INC.,**
Plaintiff, Appellee,

v.

**John O. MARSH, Jr., etc., et al.,**
**Defendants, Appellees,**

**City of New Haven,**
**Intervenor–Defendant–Appellant.**

No. 87–1827.

United States Court of Appeals,
First Circuit.

Submitted Jan. 21, 1988.

Decided March 11, 1988.

Kathleen P. Dewey, Appellate Section, Land and Natural Resources Div., Dept. of Justice, Washington, D.C., for federal defendants, appellees' motion to dismiss.

Alice Richmond, Hemenway & Barnes, Boston, Mass., Daniel Riesel, and Sive, Paget & Riesel, P.C., New York City, on memoranda in support of motion to dismiss for plaintiff, appellee Mall Properties, Inc.

Neil Proto, Kelley, Drye and Warren, Washington, D.C., Frank B. Cochran, Peter B. Cooper, Cooper, Whitney, Cochran & Francois, New Haven, Conn., Edward F. Lawson, and Weston, Patrick, Willard & Redding, Boston, Mass. on memoranda in opposition to motion to dismiss for intervenor-defendant-appellant City of New Haven.

Before COFFIN, BOWNES and BREYER, Circuit Judges.

PER CURIAM.

The government has filed a motion to dismiss, joined in by appellee Mall Properties, Inc., contending that a district court order, 672 F.Supp. 561, remanding to the Corps of Engineers for further proceedings is not a final appealable order and hence the present appeal should be dismissed. Appellant City of New Haven opposes the motion to dismiss. We reject the City's argument that the motion to dismiss was untimely. Jurisdictional defects are noticeable at any time. We turn, then, to the background.

Plaintiff Mall Properties, Inc., applied to the Corps of Engineers for permits to fill wetlands so that plaintiff might build a 1.1

million square foot, two story shopping mall in North Haven, Connecticut. The Corps denied the permit. Among the factors the Corps considered in concluding the project was contrary to the public interest was, first, the City of New Haven's opposition to the mall on the ground that a North Haven mall would adversely impact New Haven's economic development and, second, the Governor of Connecticut's statement at a July 1985 meeting that building the North Haven Mall was not worth the risk to New Haven. The district court[1] concluded that the Corps had exceeded its authority (1) by basing the permit denial on socio-economic harms not proximately related to changes in the physical environment and (2) by not following its regulations which required that Mall Properties be provided notice of an opportunity to rebut the objection made by the Governor of Connecticut. Accordingly, the court remanded the case to the Corps for further proceedings consistent with its opinion. The question, then, is whether this remand order is now appealable.

■ New Haven argues that the district court entirely disposed of the matter before it—Mall Properties' petition for review—and granted Mall Properties the relief requested—a remand to the Corps. Hence, New Haven contends, the judgment is a final one. We disagree. Ultimately, Mall Properties wants the proper permits themselves and, in the event of a judicial challenge to the permit, a judgment adjudicating Mall's entitlement to the permits. Indeed, originally Mall's complaint asked the court to direct the Corps to issue Mall the permits (though Mall subsequently acknowledged that a remand would be the proper remedy were it to prevail). Thus, the district court's remand order does not grant Mall ultimately what Mall wants. Rather, the court's order is but one interim step in the process towards Mall's obtaining its ultimate goal. Consequently, we do not view the remand order as meeting the traditional definition of a final judgment, that is, one which "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945). The litigation has not ended. It simply has gone to another forum and may well return again. *Cf. In re Abdallah*, 778 F.2d 75 (1st Cir.1985) (district court order remanding case to bankruptcy court for further proceedings not final appealable order), *cert. denied*, 476 U.S. 1116, 106 S.Ct. 1973, 90 L.Ed.2d 657 (1986); *Giordano v. Roudebush*, 565 F.2d 1015 (8th Cir.1977) (district court order ruling that plaintiff was not entitled to a full trial type procedure but remanding to agency for further consideration of plaintiff's arguments neither granted nor denied the ultimate relief plaintiff wanted—reinstatement and back pay—and was not a final appealable order); *Transportation–Communication Division v. St. Louis–San Francisco Ry. Co.*, 419 F.2d 933, 935 (8th Cir.) (district court order which neither enforced nor denied enforcement of Board's award, but rather decided some issues and remanded for further proceedings, made no final determination of the entire merits of the controversy and is not appealable), *cert. denied*, 400 U.S. 818, 91 S.Ct. 34, 27 L.Ed.2d 45 (1970). The order is not final in the usual sense.

This court and others have said that generally orders remanding to an administrative agency are not final, immediately appealable orders. *See, e.g., Pauls v. Secretary of Air Force*, 457 F.2d 294, 297–298 (1st Cir.1972) (order remanding to Air Force Board for the Correction of Military Records directing discovery and detailed fact findings not appealable);[2] *Memorial Hospital System v. Heckler*, 769 F.2d 1043

---

1. Though plaintiff Mall Properties is a New York corporation and the mall is proposed to be built in Connecticut, venue in Massachusetts of the present action was premised on 28 U.S.C. § 1391(e)(1) as one of the federal defendants, the Divisional Engineer of the New England Division of the Army Corps of Engineers, resides in Massachusetts.

2. New Haven seeks to distinguish *Pauls* on the ground that there the district court remanded but retained jurisdiction to review the final determination of the Secretary of the Air Force. The retention of jurisdiction was not the basis for our determination that the remand order was not appealable.

(5th Cir.1985) (hospital appeal from order remanding for further proceedings relating to Medicare reimbursement dismissed); *Howell v. Schweiker*, 699 F.2d 524 (11th Cir.1983) (claimant may not appeal from order remanding to Secretary for further proceedings); *Eluska v. Andrus*, 587 F.2d 996, 999–1001 (9th Cir.1978) (order remanding to Board of Land Appeals so that plaintiff may exhaust administrative remedies not appealable even though once such remedies are exhausted it may not be possible to review exhaustion order). *See also* 15 C. Wright, A. Miller, E. Cooper, Federal Practice and Procedure §§ 3914 at pp. 551–553 (1976).

Exceptions have been recognized in some cases, however, and appeals have been allowed from orders remanding to an administrative agency for further proceedings. *See, e.g., United States v. Alcon Laboratories*, 636 F.2d 876, 884–885 (1st Cir.) (remand order putting in issue order in which agency enforcement action should proceed appealable under *Cohen* collateral order doctrine), *cert. denied*, 451 U.S. 1017, 101 S.Ct. 3005, 69 L.Ed.2d 388 (1981); *Gueory v. Hampton*, 510 F.2d 1222 (D.C.Cir.1975) (Chairman's appeal from order remanding to Civil Service Commission allowed); *Paluso v. Mathews*, 573 F.2d 4 (10th Cir.1978) (Secretary's appeal from order remanding for further proceedings with respect to coal miner's application for benefits); *Citizens to Preserve Overton Park v. Brinegar*, 494 F.2d 1212 (6th Cir.1974) (no discussion of appealability), *cert. denied*, 421 U.S. 991, 95 S.Ct. 1997, 44 L.Ed.2d 481 (1975).

Trying to make order out of the case law, the City of New Haven argues that whereas remands for *factual* development may not be appealable orders, under a practical conception of finality, district court orders which determine an important *legal* issue, announce a new standard, and impose a new legal standard or procedural requirement upon the agency in the remand proceeding should be considered final and immediately appealable. Indeed, citing a number of cases, the City argues that that is in fact the distinction the case law has drawn.

In particular New Haven relies heavily on *Bender v. Clark*, 744 F.2d 1424 (10th Cir.1984). There, a crucial issue was whether a particular tract of land contained a known geologic structure (KGS). If it did, petitioner's noncompetitive oil and gas lease offer for the land would have to be rejected and the land could only be leased by competitive bidding. The Interior Board of Land Appeals determined that the government had made a prima facie case of the existence of a KGS and that petitioner had failed to show by "clear and definite evidence" that the government had erred. Petitioner sought judicial review. The district court concluded the Board had imposed too high a standard of proof on petitioner. Rather than "clear and definite" evidence, petitioner need only prove government error by a preponderance of the evidence. Consequently, the district court remanded to the Board for further proceedings applying the correct burden of proof. The government appealed. In determining whether the remand order was immediately appealable, the Tenth Circuit stated that "[t]he critical inquiry is whether the danger of injustice by delaying appellate review outweighs the inconvenience and costs of piecemeal review." *Id.* at 1427. The court decided the matter in favor of immediate appeal stating two reasons. First was the fact that the standard of proof issue was a serious and unsettled one. But second, "and perhaps most important," the court said, was that the government had no avenue for obtaining judicial review of its own administrative decisions and thus well might be foreclosed from appealing the district court's burden of proof ruling at a later stage of proceedings.

In contrast to *Bender*, in the present case the government has not appealed. In other words, the government is not challenging the district court's ruling (1) that the Corps of Engineers may not deny permits on the basis of socio-economic harms unrelated to physical environmental changes and (2) that the Corps violated its regulation in not giving Mall Properties an opportunity to rebut the governor's opposition. Many of the other cases on which the

City of New Haven relies, *see, e.g., Stone v. Heckler,* 722 F.2d 464, 467 (9th Cir.1983) (district court order ruling that Secretary could not apply grid but rather must use VE to enumerate specific jobs available and remanding for further proceedings is immediately appealable by government since, were the application of the district court's legal standard to lead to benefits being awarded on remand, the Secretary would not be able to appeal); *Gueory v. Hampton,* 510 F.2d 1222, 1225 (D.C.Cir.1975) (unless review allowed government probably never would be able to test district court ruling); *Gold v. Weinberger,* 473 F.2d 1376 (5th Cir.1973) (unless Secretary allowed to appeal remand order, Secretary will not obtain review of district court ruling that VE required to interview claimant), are similar to *Bender* in that an appeal from a remand order was allowed by the government or government agency unlikely thereafter to be able to obtain review. Indeed, we think the crucial distinction in these cases is not—as New Haven would contend —simply the fact that the district court imposed a new or unsettled legal standard on the agency, but rather that unless review were accorded immediately, the agency likely would not be able to obtain review.

■ The City of New Haven argues, however, that it is similarly situated to the governmental agencies whose appeals from remand orders were allowed for, the City says, denying it review now is tantamount to foreclosing any effective review at all. That is because, the City maintains, the district court decision precluding the Corps from considering socio-economic factors has removed from the Corps' consideration the economic interests at the heart of the City's opposition to the permits and has effectively terminated the City's participation. The City is wrong. The City has not been foreclosed from participating in the proceedings on remand. Presumably, it can urge environmental reasons why the permits should be denied. If, after remand, the permits are granted, the City can seek judicial review and if the district court upholds the grant, the City can appeal to this court and both argue that the original permit denial based on New Haven's socio-economic developmental interests was proper and present any other challenges arising from the remand proceedings it may have. Thus, review of the socio-economic issue the City now wants to present, is not denied; it is simply delayed.[3] For this reason, the remand order is not appealable under the *Cohen* collateral order doctrine as the third requisite for collateral order appealability—a right incapable of vindication on appeal from final judgment —*see Boreri v. Fiat S.P.A.,* 763 F.2d 17, 21 (1st Cir.1985)—is not met.

Moreover, contrary to the City's argument, we think allowance of an immediate appeal would violate the efficiency concerns behind the policy against piecemeal appeals. Were this court now to order briefing on the socio-economic issue, decide that issue and affirm the district court, the case would be remanded and the Corps once again would decide whether to issue the permit. Likely another appeal would follow, necessitating another round of briefs, another familiarization with the record, and another opinion. Our decision on the socio-economic issue might turn out to have been superfluous were the Corps on remand to deny the permits on independent proper grounds. More efficient and quicker, in the long run, would have been to delay review and consider all issues at one time. Alternatively, were review granted now and were we to conclude the district court erred, an unnecessary admin-

---

**3.** The City's argument that the district court judgment may have *res judicata* affect is wrong. A prerequisite to the application of *res judicata* principles is a *final* judgment, Restatement (Second) Judgments § 13 (1980), but, as we conclude here, the district court judgment remanding to the agency is not a final judgment. Nor does the City's argument that on a petition for review following remand the district court may refuse to reconsider the socio-economic issue persuade us otherwise. Under law of the case principles that may indeed happen. Nevertheless, the City will be able to challenge on appeal the district court's original (September 8, 1987) decision.

istrative proceeding could be averted.[4] But this alone is insufficient reason to permit review. As the Third Circuit observed in *Bachowski v. Usery*, 545 F.2d 363, 373 (3d Cir.1976) when dismissing an appeal from a district court order remanding to the Secretary of Labor for further proceedings, "the wisdom of the final judgment rule lies in its insistence that we focus on systemic, as well as particularistic impacts." To reach out to decide the merits of an interlocutory order just because reversal of an erroneous interlocutory ruling would expedite a particular litigants' case would, in the long run, undermine the final judgment rule and open the door to piecemeal litigation and its concomitant delay, costs, and burdens. *See also* 15 C. Wright, A. Miller, E. Cooper, Federal Practice and Procedure § 3914 at pp. 552–553 (strong showing of unusual reason for avoiding the burden of further administrative proceedings should be required before a remand order is treated as final).

New Haven asks that if the remand order is not a final appealable order we construe New Haven's notice of appeal as a petition for mandamus. We see no extraordinary circumstances warranting the exercise of mandamus jurisdiction.

The request for oral argument on the motion to dismiss is denied and the appeal is dismissed for lack of jurisdiction.

Since this appeal has been dismissed on jurisdictional grounds, the motion of North Haven League of Women Voters and Stop the Mall/Connecticut Citizen Action Group to file an amicus brief is denied.

*Appeal dismissed.*

---

4. However, according to the district court opinion, Mall Properties had several other arguments for vacating the Corps' order which the district court found unnecessary to address since it was remanding on other grounds; hence, further proceedings in the district court on these issues followed by another appeal might result even if we were not to rule in New Haven's favor on both the socio-economic issue and procedural issue concerning failure to afford Mall Properties an opportunity to rebut the governor's opposition.