961 F.2d 1565
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Doris WISHER, Plaintiff, Appellant,
v.
Paul COVERDELL, in his official capacity as director of the
United States Peace Corps, Defendant, Appellee.
 No. 92-1273.
 United States Court of Appeals,
First Circuit.
 May 14, 1992
 
 Harold L. Licthen and Angoff, Goldman, Manning, Pyle, Wanger & Hiatt, P.C., on Opposition to Defendant's Motion to Dismiss, for appellant.
 Wayne A. Budd, United States Attorney, and Susan M. Poswistilo, Assistant United States Attorney, on Motion to Dismiss Appeal and Memorandum of Law in Support of Appellee's Motion to Dismiss, for appellee.
 Before Breyer, Chief Judge, Campbell, Senior Circuit Judge, and Cyr, Circuit Judge.
 Per Curiam.
 
 
 1
 The issue before us is whether the district court's dismissal of less than all plaintiff's claims for relief, coupled with its remand for further agency proceedings on another claim, constituted a final judgment for purposes of appeal within the meaning of 28 U.S.C. § 1291.
 
 
 2
 * Plaintiff brought this action under §§ 501 and 504 of the Rehabilitation Act, 29 U.S.C. § 791, 794, seeking damages and equitable relief. She claimed that the Peace Corps illegally discriminated against her when it disqualified her from participation in the United Nations Volunteer program because she was diagnosed with chronic hepatitis, type B. Ten days before the scheduled trial date, defendant moved to dismiss the complaint on the ground of failure to state a claim for relief. The district court proceeded to conduct a one-day bench trial and then considered the issues raised by defendant's motion in light of the evidence, closing arguments, and the parties' extensive post-trial briefs addressing the issues.
 
 
 3
 The district court concluded that plaintiff's Rehabilitation Act claims should be dismissed because (1) plaintiff was not an "employee" within the meaning of § 501 of the Act and, (2) under § 504 of the Act, plaintiff did not have an implied private cause of action, Cousins v. Secretary of the U.S. Dep't of Transp., 880 F.2d 603 (1st Cir. 1989).
 
 
 4
 However, the district court further held that plaintiff's complaint could be read as including a claim for review of the Peace Corps' medical determination under the Administrative Procedure Act, 5 U.S.C. §§ 701-706 [hereinafter "APA"]. Under that alternative claim, the district court held, it had jurisdiction to determine whether the Peace Corps' decision violated the Rehabilitation Act. But in light of the evidence presented at trial, the district court found it was unable to engage in a meaningful review of the agency's action. The court found that the agency's "skeleton" record did not support the agency's medical determination, that the agency had not considered all relevant factors, and that the court "simply cannot evaluate the Peace Corps' decision on the basis of the bare record of the agency's decision." Citing Florida Power & Light Co. v. Lorion, 470 U.S. 729 (1985), the district court accordingly remanded the case to the Peace Corps for additional investigation and evaluation. Plaintiff appealed.
 
 II
 
 5
 Defendant has moved to dismiss the appeal, arguing that the district court's order was not a final judgment under our holding in Mall Properties, Inc. v. Marsh, 841 F.2d 440 (1st Cir.), cert. denied, 488 U.S. 848 (1988). We agree.
 
 
 6
 The district court's disposition of this matter does not meet the traditional definition of a final judgment under 28 U.S.C. § 1291: one which "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229 (1945). The litigation before the district court has not ended. "It has simply gone to another forum and may well return again," Mall Properties, 841 F.2d at 441. See also American Hawaii Cruises v. Skinner, 893 F.2d 1400 (D.C. Cir. 1990) (district court's remand to agency for further proceedings coupled with administrative dismissal of case did not end the litigation on the merits within meaning of 28 U.S.C. § 1291).
 
 
 7
 Plaintiff urges that this case is distinguishable from Mall Properties because there the plaintiff had an opportunity to obtain all the relief desired on remand whereas here dismissal of plaintiff's Rehabilitation Act claims means that "remand cannot bring plaintiff any closer to her goal of obtaining damages [and] attorney's fees." (Pl's. Br. p.5). The district court's dismissal of plaintiff's claim under the Rehabilitation Act effectively dismissed plaintiff's demand for damages. Under the APA, the plaintiff's remedy necessarily would be limited to the equitable relief demanded, 5 U.S.C. § 702.[1]
 
 
 8
 This distinction, however, does not affect the operation of the final judgment rule in this case. The primary purpose of the rule, to protect effective review by avoiding unnecessary and piecemeal determinations, would be undermined by defining finality so narrowly. See 15A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure, § 3907 (1992).
 
 
 9
 First, the district court's dismissal of some claims and remand of the other did not finally resolve the controversy on the merits nor plaintiff's right to all of the relief she demanded. In addition to damages, plaintiff's complaint demands an injunction reinstating her, along with relevant promotions, "to an appropriate position in the Peace Corps or the United Nations Volunteers with seniority and credit retroactive to March of 1985." This remedy remains available to plaintiff under the APA claim if she prevails on the merits. Thus, the district court's judgment remanding the action was not a final appealable order under 28 U.S.C. § 1291. Mall Properties, 841 F.2d 440. See also Giordano v. Roudebush, 565 F.2d 1015 (8th Cir. 1977) (district court order ruling that plaintiff was not entitled to a full-trial type procedure but remanding to agency for further consideration of plaintiff's arguments neither granted nor denied the ultimate relief plaintiff wanted-reinstatement and back pay-and was not a final appealable order); Transportation-Communication Div.-Brotherhood of Ry. v. St. Louis-San Francisco Ry., 419 F.2d 933, 935 (8th Cir. 1969), cert. denied, 400 U.S. 818 (1970) (district court order which neither enforced nor denied enforcement of Board's award, but rather decided some issues and remanded for further proceedings, made no final determination of the merits of the entire controversy and is not appealable).
 
 
 10
 While plaintiff urges here that reinstatement now, seven years after her initial disqualification, would be a hollow victory, she did not amend her pleadings below to delete this claim but in fact vigorously pursued it through the trial and beyond. Plaintiff testified before the district court just a few months ago that if the court ruled in her favor she would "like to get back in that pipeline and apply for UNV ... and also Peace Corps Volunteer and Peace Corps Staff positions." (Transcript, pp 116-17). Even later, in her post-trial brief, plaintiff expanded her request for relief, urging the district court to enjoin the Peace Corps from disqualifying her, and any others similarly situated, solely because "they are asymptomatic carriers of Hepatitis B" and allowing her to "reapply" for service with the Peace Corps.
 
 
 11
 To allow plaintiff, who has been represented by the same counsel throughout this case, to recharacterize here the relief she demands, solely for the purpose of seeking the jurisdiction of this court, would run counter to the strong policy discouraging fragmentary appeals. Cobbledick v. United States, 309 U.S. 323, 324-25 (1940). Cf. USM Corp. v. GKN Fasteners, Ltd., 578 F.2d 21 (1st Cir. 1978) (after court ruled that there was no jurisdiction to entertain an appeal from an order staying proceedings on legal claims pending arbitration of an equitable claim, later amendment to pleadings dropping prayer for equitable relief solely for purpose of seeking jurisdiction of this court could not be permitted to validate jurisdiction of appellate court retrospectively).[2]
 
 
 12
 Second, policy reasons also lead us to reject plaintiff's argument that this appeal should be considered now under the exception to the finality requirement known as the Cohen collateral order doctrine, Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949). We have held that in exceptional cases an order that does not entirely terminate an action may be appealable if it reflects the following: "(1) an issue essentially unrelated to the merits of the main dispute, capable of review without disrupting the main trial; (2) a complete resolution of the issue, not one that is 'unfinished' or 'inconclusive'; (3) a right incapable of vindication on appeal from a final judgment; and (4) an unsettled question of controlling law, not merely a question of the proper exercise of the trial court's discretion." United States v. Sorren, 605 F.2d 1211, 1213 (1st Cir. 1979); see also United States v. Alcon Labs., 636 F.2d 876, 884 (1st Cir.), cert. denied, 451 U.S. 1017 (1981); In re Continental Inv. Corp., 637 F.2d 1, 4 (1st Cir. 1980).
 
 
 13
 "[B]oth the policy considerations underlying Cohen and the internal logic of its criteria suggest that the possibility of irreparable harm resulting from a delay in appellate review is the dispositive criterion of interlocutory appealability." In re Continental Inv. Corp., 637 F.2d at 6. Where an opportunity for effective review exists at the conclusion of the proceedings below, there is no irreparable harm within the meaning of this exception. To hold otherwise could obliterate the distinction between interlocutory and final orders. Id. See also Occidental Petroleum Corp. v. S.E.C., 873 F.2d 325 (D.C.Cir. 1989) (exception to the rule that remand order is not immediately appealable is usually allowed only where agency to which case is remanded would have no opportunity to appeal after the proceedings on remand); Colon v. Secretary of Health & Human Servs., 877 F.2d 148 (1st Cir. 1989) (although remand orders normally are not immediately appealable, appeal would be allowed either under Cohen exception or under All Writs Act where it is doubtful whether
 
 
 14
 Secretary, required to implement district court decision on remand, could later appeal from agency decision).
 
 
 15
 Our deferral of the appeal until after the remaining claims are finally adjudicated in the district court will not foreclose effective review of the district court's dismissal of plaintiff's Rehabilitation Act claims. As the challenged order is not a final judgment within the meaning of 28 U.S.C. § 1291, plaintiff may file a timely notice of appeal from the final district court judgment entered after any review of the agency action taken on remand.[3]
 
 
 16
 Moreover, allowance of plaintiff's appeal might invite the very inefficiency condemned by policies against piecemeal appeals. The most plaintiff could hope to accomplish in an appeal at this juncture would be reinstatement of her Rehabilitation Act claims and remand to the lower court for a determination on the merits. The district court's remand of plaintiff's remaining Administrative Procedure Act claim, however, sufficiently assures that plaintiff will receive a review on the merits. Under the APA, the district court's task is to review the agency's action to see if it acted "in accordance with the law," which law includes the Rehabilitation Act. 5 U.S.C. 706(2); Cousins v. Secretary of the U.S. Dep't of Transp., 880 F.2d at 608. As the district court's opinion below shows, it was precisely so that it could make this determination on the merits of plaintiff's claim that it remanded the case to the agency for further proceedings. The court instructed the agency to create an adequate record of its reasons for disqualifying plaintiff in particular and those with hepatitis B generally, and to consider, apparently for the first time, what, if any, reasonable accommodation could be made for plaintiff.
 
 
 17
 Thus allowance of plaintiff's appeal here would not speed-up the case, for whether plaintiff's claim is styled a Rehabilitation Act claim or a claim for APA review, its final resolution must await further proceedings by the agency. An appeal on one issue now would only add an extra step to the litigation, consuming judicial resources without any apparent advantage to the proceedings as a whole.
 
 
 18
 For these reasons, this appeal must be dismissed.
 
 
 
 [1]
 As it is not necessary to reach the issue, we do not here determine whether plaintiff is correct in her assertion that she cannot obtain attorney's fees in her APA action, but merely point out that "one can sometimes obtain attorneys' fees in an ordinary APA action under the Equal Access to Justice Act, 28 U.S.C. §§ 2412(b), 2412(d)(1)(A)," Cousins, 880 F.2d at 606. Plaintiff's complaint requests attorney's fees in this action under both the Rehabilitation Act and the Equal Access to Justice Act. The district court's order did not address thelatter request directly, although the court awarded plaintiff reasonable costs connected with the action.)
 
 
 [2]
 Since plaintiff has not unequivocally abandoned her request for injunctive relief, we need not consider the circumstances under which a good-faith relinquishment of a claim for injunctive relief might make the dismissal of her other claims final and immediately appealable
 
 
 [3]
 Plaintiff expresses concern about safeguarding against an untimely appeal from the dismissed claims once the agency has completed the proceedings on remand and about the method for bringing another appeal should the agency grant the requisite reinstatement. Under Fed. R. App. P. 4(a)(1), the notice of appeal to this court in a case in which the United States agency is a party must be filed within 60 days of the entry of the order from which the appeal is taken. Even if plaintiff were not to challenge the final agency action on remand, plaintiff would be entitled to appeal the earlier district court order dismissing her other claims, by filing a timely notice of appeal, see Fed. R. App. P. 4(a)(1), as measured from the entry of the final district court judgment