979 F.2d 849
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Steve WOOL, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services;
Social Security Administration; ALJS
Reconsideration Hearing Officer;
Appeals Council; United
States of America,
Defendants-Appellees.
 No. 92-1673.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 4, 1992
Decided: November 18, 1992
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore.
 Steve Wool, Appellant Pro Se.
 Deborah Fitzgerald, United States Department of Health & Human Services, Philadelphia, Pennsylvania, for Appellees.
 D.Md.
 DISMISSED.
 Before WIDENER, HALL, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Steve Wool appeals from a district court order adopting the recommendation of the magistrate judge and remanding this case to the Secretary for further consideration of Wool's eligibility for disability benefits. We dismiss the appeal for lack of jurisdiction because the order is not appealable. See Mall Properties, Inc. v. Marsh, 841 F.2d 440, 441 (1st Cir.), cert. denied, 488 U.S. 848 (1988); Dalto v. Richardson, 434 F.2d 1018, 1019 (2d Cir. 1970), cert. denied, 401 U.S. 979 (1971). This Court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (1988), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (1988); Fed. R. Civ. P. 54(b); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949). The order here appealed is neither a final order nor an appealable interlocutory or collateral order.
 
 
 2
 We dismiss the appeal as interlocutory. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.*
 
 DISMISSED
 
 
 *
 Our disposition of this appeal renders moot Wool's emergency motion for reinstatement of benefits and application for stay pending appeal