FRIENDS OF HOPE VALLEY; Marcus Libkind; John Bowers; Jim Gibson; Janet Hoffman; Patty Brissenden; John Brissenden; Janis Turner; Robin Leong; Terri Michel; Paul Minault, Plaintiffs–Appellants,

v.

UNITED STATES FOREST SERVICE, Defendant–Appellee.

No. 04–17376.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 18, 2006.

Filed Nov. 2, 2006.

Deborah Ann Sivas, Paul J. Spitler, Stanford, CA, for Plaintiffs–Appellants.

Matthew J. Sanders, Esq., Pamela S. West, Washington, DC, Edmund Brennan, Sacramento, CA, for Defendant–Appellee.

Before: O'CONNOR,* Associate Justice, GRABER and TALLMAN, Circuit Judges.

MEMORANDUM **

We do not have jurisdiction over Appellant Friends of Hope Valley's ("Friends") appeal of the district court's order vacating and remanding the Forest Service's winter recreation management decision for the Forestdale Creek Area of the Humboldt–Toiyabe National Forest. *See Alsea Valley Alliance v. Dep't of Commerce*, 358 F.3d 1181, 1184 (9th Cir.2004) ("Subject to a few exceptions[,] ... appellate jurisdiction only extends over 'final decisions of the district courts,' 28 U.S.C. § 1291, and remand orders generally are not 'final decisions' for purposes of section 1291."). As the government conceded during oral argument, "a holding of nonappealability would [not] ... deprive the litigants of an opportunity to obtain review." *Id.* at 1184–85 (internal quotation marks omitted).

If aggrieved by the outcome, Friends may obtain appellate review of the Forest Service's decision after remand, including review of all issues pertaining to jurisdiction under 43 U.S.C. § 932 ("R.S. § 2477 rights of way") over the Forestdale Creek Road. *See id.* at 1185. If Friends believes the resulting rule on remand is ("unlawful and adverse to its interests, it can bring suit at that point to challenge the [Forest Service's] action. If dissatisfied with the district court's determination, [Friends] would then be able to appeal to th[e court of appeals]."). *Id.; see also Mall Props., Inc. v. Marsh*, 841 F.2d 440, 443 & n. 3 (1st Cir.1988) (per curiam) (dismissing a remand order for lack of jurisdiction and concluding that the remand order will not have res judicata consequences because a prerequisite to applying "res judicata principles is a *final* judgment").

We do have jurisdiction under 28 U.S.C. § 1292(a) to consider Friends's interlocutory appeal of the district court's denial of injunctive relief. Because Friends failed to show legal entitlement to complete closure of the Forestdale Creek Area to snowmobile use under the Forest Service's new Travel Management Regulations, *see* 36 C.F.R. pt. 212 (2005), we conclude that the district court did not abuse its discre-

---

* The Honorable Sandra Day O'Connor, Retired Associate Justice, Supreme Court of the United States, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

tion in denying preliminary relief pending further review by the Forest Service, *see Westinghouse Elec. Corp. v. Gen. Circuit Breaker & Elec. Supply Inc.,* 106 F.3d 894, 903 (9th Cir.1997). Each party shall bear its own costs on appeal.

DISMISSED in part; AFFIRMED in part.