# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 19, 2011

No. 10-10771

Lyle W. Cayce
Clerk

BNSF RAILWAY COMPANY

Plaintiff-Appellee

v.

AMERICAN TRAIN DISPATCHERS ASSOCIATION

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
Civil Action No. 4:09-cv-00702-A

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant the American Train Dispatchers' Association ("ATDA") appeals the district court's remand order of July 6, 2010. The threshold issue is whether this order is final and thus reviewable, pursuant to 28 U.S.C. § 1291. Because administrative remand orders are generally considered interlocutory and because we agree, as did the parties at oral argument, that the district court's order remains reviewable on any later appeal, the district court's remand order falls short of the § 1291 finality requirement.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10771

This court lacks jurisdiction to review this case, and ATDA's appeal shall be dismissed.

ATDA is the collective bargaining representative for the train dispatchers of the BNSF Railway Company ("BNSF"). Both ATDA and BNSF are parties to several collective bargaining agreements (collectively "the CBA") governing the terms and conditions of employment at BNSF. After unsuccessful efforts to resolve a dispute, on March 2, 2005, the dispatchers represented by ATDA walked out on BNSF's Fort Worth dispatching center. Because of the surprise strike, BNSF had to shut down its entire rail transportation network for several hours, which allegedly resulted in approximately $300,000 in damages to BNSF.

On March 29, 2005, BNSF filed a grievance against ATDA, claiming that ATDA's surprise strike violated the CBA. After the parties failed to resolve the dispute through the requisite on-property handling, BNSF progressed the dispute to the Third Division of the National Railroad Adjustment Board. The parties then agreed to submit their dispute to a special board of adjustment, Public Law Board No. 7290 ("the Board"). On September 18, 2009, the Board issued its Award, concluding that BNSF could not seek damages for the strike because neither the Railway Labor Act ("RLA") nor the CBA provided for it. BNSF sought review in the district court. The parties filed cross-motions for summary judgment. The district court granted BNSF's motion and denied ATDA's motion, holding that the Board's Award was based on nine incorrect conclusions. Specifically, the district court concluded that, contrary to the Board's Award, BNSF could seek damages under the RLA and the CBA. The district court vacated the arbitral decision and remanded the matter to the same Board for further proceedings. The district court ordered that, consistent with its opinion, "if a breach of contract is shown, as a matter of law BNSF is entitled to a remedy for such breach." ATDA sought review in this court.

No. 10-10771

This court's jurisdiction is limited to appeals from "final decisions of the district courts." 28 U.S.C. § 1291. Section 3 First (q) of the RLA explicitly incorporates the finality requirement of § 1291. *See* 45 U.S.C. § 153, First (q) ("The judgment of the [district] court shall be subject to review as provided in section[] 1291."). A decision is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). Under the collateral order doctrine, a decision can be treated as final under § 1291, even though it does not terminate the litigation, if three conditions are met. *See Digital Equip. Corp. v. Desktop Direct*, 511 U.S. 863, 867 (1994). The order must "'[1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment.'" *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993) (alteration in original) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978)). "The requirement that the order be effectively unreviewable on final appeal means that the rights asserted would be lost." Am. Jur. 2d *Appellate Review* § 105.

Administrative remands generally are not final orders under § 1291. *See Mem'l Hosp. Sys. v. Heckler*, 769 F.2d 1043, 1044 (5th Cir. 1985) ("An order of the district court that remands the proceedings to the administrative agency for further evidence or findings, in an action for judicial review of an earlier administrative decision, is ordinarily regarded as not an appealable final judgment."). "[O]rders directing remands to Railway Labor boards to consider additional evidence have been considered nonfinal." *United Steelworkers of Am. Local 1913 v. Union R.R. Co.* ("*Local 1913*"), 648 F.2d 905, 909 (3d Cir. 1981); *see also Transp.-Commc'n Div.-Bhd. of Ry., Airline & S.S. Clerks v. St. Louis-S.F. Ry. Co.*, 419 F.2d 933, 935 (8th Cir. 1969) (holding a remand of a dispute to NRAB to consider additional contracts was not an appealable order). In this

order the district court remanded the case for further proceedings, not for a new arbitration. ATDA's reliance on the distinction between remands based on conclusions of law and remands to consider further evidence is unavailing. The general rule that remand orders are nonfinal thus applies to the instant remand order.

Moreover, the order does not satisfy the conditions of the collateral order doctrine. The attorney for BNSF agreed at oral argument that the July 6, 2010, order would remain reviewable on appeal. The issue of whether the Board exceeded its jurisdiction, while not reviewable in the instant proceedings because of the remand, is thus still subject to future review by this court. As a result of this concession, ATDA will not lose the benefit of the extremely deferential standard of review federal courts apply to RLA labor arbitration decisions and to arbitrators' remedial actions on appeal. *See United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987) ("[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision."). To find otherwise would render BNSF's concession practically meaningless. Accordingly, failure to review the appeal now would not cause ATDA to lose any asserted right. If ATDA is dissatisfied with the outcome of the remand proceedings, it is free to argue in the future that the district court erred by remanding the case to the Board. *See Bhd. of Locomotive Eng'rs & Trainmen v. Union R.R. Co.*, 391 F. App'x 182, 185 (3d Cir. 2010) (deeming remand order nonfinal because remands are generally nonfinal, this one did not fit within any exception, and no issue would be unreviewable on later appeal).

The appeal is DISMISSED for want of jurisdiction.