655 F.2d 1031
 26 Empl. Prac. Dec. P 32,035
 LOFFLAND BROTHERS COMPANY, Plaintiff-Appellant,
v.
Weldon J. ROUGEAU, Director, Office of Federal Contract
Compliance Programs, U. S. Department of Labor;
Ray Marshall, Secretary of Labor; and
Cecil Andrus, Secretary of
Interior,
Defendants-
Appellees.
 No. 81-1393.
 United States Court of Appeals,
Tenth Circuit.
 Submitted on the Briefs Pursuant to Tenth Circuit Rule 9
June 29, 1981.
Decided Aug. 5, 1981.
 
 R. Robert Huff of Huff & Huff, Inc., and James R. Eagleton of Eagleton, Eagleton & Owens, Tulsa, Okl., for plaintiff-appellant.
 James P. Turner, Acting Asst. Atty. Gen., and Walter W. Barnett and Stephen L. Mikochik, Attys., Dept. of Justice, Washington, D. C., for defendants-appellees.
 Before BARRETT, McKAY and LOGAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.
 
 
 2
 Loffland Brothers seeks to appeal an order of the district court remanding for final agency (Department of Labor) action a decision of the Director, Office of Federal Contract Compliance Programs (OFCCP), debarring Loffland from future federal contracts. The court stayed enforcement until the director of OFCCP gave his approval of the final administrative decision. This sanction was imposed for alleged noncompliance with Executive Order 11246, which requires affirmative action in the employment of minorities and women by federal contractors and subcontractors.
 
 
 3
 The question posed is whether the decision of the district court is a final order appealable under the authority of 28 U.S.C. § 1291. We believe that it is not.
 
 
 4
 The district court's order resolved none of the questions raised in Loffland's petition for review. Rather, the court on remand sought only to establish what in fact the position of the agency is at present regarding Loffland's alleged noncompliance.
 
 
 5
 The decision to remand is not a resolution of the controversy on its merits. Neither is the determination of collateral order appealable under Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). We conclude that the district court's action is not a final order appealable to this court.
 
 
 6
 Appeal dismissed.