**AMERICAN HAWAII CRUISES, et al.**

v.

**Samuel K. SKINNER, et al., Appellees,**

**S/S Monterey Limited Partnership, Appellant.**

**AMERICAN HAWAII CRUISES, Appellant,**

**American Maritime Officers Service,**

v.

**Samuel K. SKINNER, et al.**

**AMERICAN HAWAII CRUISES,**

**American Maritime Officers Service, Appellants,**

v.

**Samuel K. SKINNER, et al.**

**Nos. 89–5207, 89–5208 and 89–5223.**

United States Court of Appeals, District of Columbia Circuit.

Jan. 26, 1990.

J. Michael Cavanaugh, Stuart S. Dye, Washington, D.C. and Paul J. Kennedy, for appellant American Hawaii Cruises.

Mark Fox Evens and Kris Anne Monteith, Washington, D.C., for appellant American Maritime Officers Service.

Michael Joseph and E. Alex Blanton, Washington, D.C., for appellant S/S Monterey Ltd. Partnership.

Jay B. Stephens, U.S. Atty., and John D. Bates, R. Craig Lawrence, and George P. Williams, Asst. U.S. Attys., Washington, D.C., for appellees.

Before RUTH B. GINSBURG, WILLIAMS, and SENTELLE, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

We confront and decide in this case the question whether the district court's remand to an agency for further proceedings, coupled with dismissal of the case, constitutes an immediately reviewable order. In *American Hawaii Cruises v. Skinner*, 713 F.Supp. 452 (D.D.C.1989), the district court disposed of consolidated actions seeking review of a United States Coast Guard ruling. Denying cross-motions for summary judgment, the district court remanded the cases to the Coast Guard for reconsideration of that agency's ruling; the court instructed the Coast Guard to set out the reasons supporting the decision reached by the agency on reconsideration, in light of the concerns expressed by the court in its opinion. After giving these directions, the district judge dismissed the court actions. *American Hawaii Cruises*, 713 F.Supp. at 469.

Contestants in the district court, S/S Monterey Limited Partnership (MLP), American Hawaii Cruises (AHC), and American Maritime Officers Service (AMOS), noticed appeals; the federal defendants-appellees, Samuel K. Skinner, Secretary of the Department of Transportation, and the Coast Guard, moved to dis-

miss all the appeals on the ground that the district court's decision is unreviewable at this time. We grant the motion, concluding that the district court's order is not a final decision within the meaning of 28 U.S.C. § 1291, nor is it immediately reviewable under any exception to the final decision rule.

## I. *Background*

In 1987, MLP converted the S/S Monterey from a rusting cargo ship into a modern, fully-equipped passenger liner, intending to operate the ship on cruises among the Hawaiian Islands. Because necessary modifications to the ship had been made in both the United States and Finland, MLP sought a ruling from the Coast Guard on whether the work performed violated the "rebuilding" proscription contained in the Jones Act. That provision, 46 U.S.C.App. § 883, bars rebuilt ships from engaging in the domestic ("coastwise") trade unless the rebuilding is effected within the United States. An interpretive Coast Guard regulation states that "[a] vessel is rebuilt when any considerable part of its hull or superstructure is built upon or is substantially altered." 46 C.F.R. § 67.27–3(a). In response to MLP's inquiry, the Coast Guard ultimately ruled, without elaboration, that the work on the S/S Monterey performed in Finland did not constitute proscribed "rebuilding."

In August and September 1988, AHC (a competitor of MLP) and AMOS (a trade organization) filed separate suits in the district court invoking the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.*, and asking the district court to set aside the Coast Guard's decision as unlawful, an abuse of discretion and unwarranted on the facts. AHC and AMOS also sought an order directing the Coast Guard to revoke the license granted for the S/S Monterey's engagement in the coastwise trade. The two complaints were nearly identical in

substance and, therefore, were consolidated for proceedings in the district court.

In May 1989, the district court denied summary judgment to AHC and AMOS and also denied summary affirmance to the Coast Guard. Finding the agency's decision unexplained and therefore unfit for judicial review, the district court returned the matter to the Coast Guard for further proceedings consistent with the court's opinion, and dismissed the civil actions. We consolidated appeals noticed by AHC, AMOS, and MLP and turn now to the federal appellees' motion to dismiss all appeals.

## II. *Discussion*

■ AHC and AMOS resist dismissal first on the ground that the district court rendered a final order within the meaning of 28 U.S.C. § 1291 by dismissing their civil actions. It is plain, however, that the district court did not resolve the controversy; its order remanding the matter with instructions to the Coast Guard to engage in reasoned decisionmaking surely did not end the litigation on the merits. *See Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945) ("A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."); *Kappelmann v. Delta Airlines, Inc.*, 539 F.2d 165, 168 (D.C.Cir.1976). As we recently stated:

> The courts of appeals that have considered the question ... have uniformly held that, as a general rule, a remand order is "interlocutory" rather than "final," and thus may not be appealed immediately.... In so holding, the courts have generally pointed out that a party claiming to be aggrieved by final agency action can [return to court], if still aggrieved, at the conclusion of the administrative proceedings on remand.

*Occidental Petroleum Corp. v. SEC*, 873 F.2d 325, 329–30 (D.C.Cir.1989) (citations omitted).*

---

\* In *Occidental Petroleum* itself, the court applied an exception to the main rule, covering situations where the agency to which the case is remanded seeks to appeal, and would not be

positioned to do so after going forward on remand. This case would fit that bill had the Coast Guard appealed objecting to the remand

It is true that the district court formally dismissed the complaints and so cleared its docket. But, as the First Circuit noted, when the district court's order leaves the core dispute unresolved, and simply turns it back for further proceedings by the agency, after which it "may well return [to court] again," the district court's order is interim, not final, in character. Qualification for court of appeals review, in such circumstances, does not turn on whether the district court "remanded but retained jurisdiction" pending further agency consideration, or remanded and simultaneously dismissed the civil action. *See Mall Properties, Inc. v. Marsh,* 841 F.2d 440, 441 & n. 2 (1st Cir.1988).

AHC and AMOS alternatively claim that, even if the remand decision is not a resolution of the controversy on its merits, the district court's disposition is nonetheless appealable as a "collateral order" under *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). To qualify under the *Cohen* doctrine, an order must: (1) "conclusively determine the disputed question"; (2) "resolve an important issue completely separate from the merits of the action"; and (3) "be effectively unreviewable on appeal from a final judgment." *Stringfellow v. Concerned Neighbors in Action,* 480 U.S. 370, 375, 107 S.Ct. 1177, 1181, 94 L.Ed.2d 389 (1987) (quoting *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978)).

The district court's order does not so qualify. *See Loffland Bros. Co. v. Rougeau,* 655 F.2d 1031, 1032 (10th Cir.1981) (per curiam). The order did not "conclusively determine" the viability of the Coast Guard's ruling on the S/S Monterey's coastwise trade eligibility. The district court simply insisted that the Coast Guard

provide an explanation for whatever decision it makes on remand. Furthermore, the instruction to set out reasons for the agency's conclusion is hardly separable from the merits of the action. Finally, appellants' interests will not be " 'irretrievably lost in the absence of an immediate appeal.' " *Occidental Petroleum,* 873 F.2d at 329 (quoting *Richardson–Merrell Inc. v. Koller,* 472 U.S. 424, 431, 105 S.Ct. 2757, 2761, 86 L.Ed.2d 340 (1985)).

No preclusive effect attends the district court's decision, because preclusion applies only to a *final·* judgment. *See* RESTATEMENT (SECOND) OF JUDGMENTS § 13 (1982); *Mall Properties,* 841 F.2d at 443 n. 3. A party not satisfied with the Coast Guard's decision after remand can come back to the district court with a challenge to the agency's reconsidered decision. If still aggrieved, a party could next appeal to this court seeking review of any still-disputed part of the district court's remand order as well as any ruling made by the district court subsequent to the remand.

### Conclusion

The district court's decision remanding the matter in controversy to the Coast Guard is not a resolution of the dispute on its merits, and does not fit within the "collateral order" doctrine. The decision is interim, not final, in character. Hence, it is not reviewable in this court at this juncture. Accordingly, the appeals are

*Dismissed.*

on the ground that it had already supplied an adequate accounting for its decision.