# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued May 8, 2015　　　　　　　Decided May 29, 2015

No. 14-5299

JIHAD DHIAB, DETAINEE, GUANTANAMO BAY NAVAL
STATION AND SHAKER AAMER, AS NEXT FRIEND OF JIHAD
DHIAB,
APPELLEES

v.

BARACK OBAMA, PRESIDENT OF THE UNITED STATES, ET AL.,
APPELLANTS

HEARST CORPORATION, ET AL.,
APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:05-cv-01457)

*Catherine H. Dorsey*, U.S. Department of Justice, argued
the cause for appellants. With her on the briefs were *Benjamin
C. Mizer*, Acting Assistant Attorney General, *Vincent H. Cohen*,
*Jr.*, Acting U.S. Attorney, and *Matthew M. Collette*, Attorney.

*David A. Schulz* argued the cause for appellees Hearst
Corporation, Inc., et al. With him on the brief was *Matthew L.
Schafer*.

*Jon B. Eisenberg* argued the cause for appellee Dhiab. With him on the brief were *Lisa R. Jaskol*, *Cori Crider*, *Alka Pradhan*, and *Eric L. Lewis.*

*Ryan M. Keats* was on the brief for *amici curiae* Constitutional Law Professors in support of appellees.

*Rachel Levinson-Waldman* was on the brief for *amici curiae* Brennan Center for Justice and Electronic Frontier Foundation in support of intervenors-appellees.

*Hina Shamsi* and *Arthur B. Spitzer* were on the brief for *amici curiae* American Civil Liberties Union and Reporters Committee for Freedom of the Press in support of intervenors-appellees.

Before: GARLAND, *Chief Judge*, and MILLETT and WILKINS, *Circuit Judges*.

Opinion for the Court filed PER CURIAM.

PER CURIAM: Abu Wa'el (Jihad) Dhiab was a detainee at the United States Naval Base at Guantanamo Bay, Cuba until December 2014. During the course of his habeas corpus proceedings in the district court, Dhiab went on a hunger strike. Subsequently, he filed a motion asking the court to enjoin the government from forcibly extracting him from his cell and force-feeding him. In determining whether to grant the motion, the court examined 32 classified videotapes of Dhiab's forcible cell extractions and force-feedings.

In June 2014, several news media organizations intervened in Dhiab's habeas proceedings for the purpose of filing a motion to unseal and release the videotapes. Currently before us is the government's appeal from the district court's decision,

effectuated in two orders, granting the media organizations' motion with certain modifications. We cannot reach the merits of this appeal, however, because it is premature. The district court's decision did not terminate the action, and it does not qualify as an immediately appealable collateral order. We therefore lack jurisdiction to review it. Nor does this case present the extraordinary circumstances required to grant the government's alternative request for a writ of mandamus.

I

Pursuant to statute, this court has "jurisdiction of appeals from all final decisions of the district courts." 28 U.S.C. § 1291. A "'final decisio[n]' is typically one 'by which a district court disassociates itself from a case.'" *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009) (alteration in original) (quoting *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 42 (1995)). The "statute's core application is to rulings that terminate an action." *Gelboim v. Bank of Am. Corp.*, 135 S. Ct. 897, 902 (2015) (citing *Catlin v. United States*, 324 U.S. 229, 233 (1945)).

The district court's two orders in this case plainly do not match that description. The first order granted the intervenors' motion to unseal with the condition that "counsel shall work cooperatively . . . to ensure that all necessary redactions of the videotapes shall be made so that they may then be entered on the public docket." Order at 2, *Dhiab v. Obama*, No. 05-1457 (D.D.C. Oct. 3, 2014). The order further provided that "the videotapes shall remain sealed until all such redactions are made." *Id.* The second order directed the parties to "submit a Joint Proposal regarding how the videotapes can be made available to the public most efficiently." Order at 1, *Dhiab v. Obama*, No. 05-1457 (D.D.C. Oct. 9, 2014). It further provided

that "the videotapes shall remain under seal until the Court has approved the Joint Proposal." *Id.*

The government has not yet begun to make the redactions required by the district court, and no Joint Proposal has yet been prepared. At oral argument, the government and Dhiab agreed that it is likely that there will be disputes regarding the scope of the redactions once they are made, rendering further litigation over those disputes in the district court, and then on appeal, also likely. Oral Arg. Recording at 2:26-40; *id.* at 36:50-59; *see Mohawk Indus.*, 558 U.S. at 106 (recognizing that "[p]ermitting piecemeal, prejudgment appeals . . . undermines efficient judicial administration and encroaches upon the prerogatives of district court judges, who play a special role in managing ongoing litigation" (internal quotation marks omitted)). Accordingly, because the district court's decision is not one that "'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment,'" it is not the kind of decision that typically falls within the meaning of § 1291. *Gelboim*, 135 S. Ct. at 902 (quoting *Catlin*, 324 U.S. at 233); *see Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994)).

Nor does the decision fall within the collateral order doctrine, which holds that § 1291 "encompasses not only judgments that terminate an action, but also a small class of collateral rulings that, although they do not end the litigation, are appropriately deemed final." *Mohawk Indus.*, 558 U.S. at 106 (internal quotation marks omitted). "That small category includes only decisions that are conclusive, that resolve important questions separate from the merits, and that are effectively unreviewable on appeal from the final judgment in the underlying action." *Id.* (internal quotation marks omitted). At a minimum, the government has failed to satisfy the third requirement.

The government maintains that the district court's decision will be unreviewable on appeal because, by the time a final judgment is entered in the case, the videotapes will have been released and the "cat [will be] out of the bag." Gov't Br. 30 (quoting *In re Papandreou*, 139 F.3d 247, 251 (D.C. Cir. 1998)). But that is incorrect. As quoted above, the district court directed that "the videotapes shall remain sealed until all . . . redactions are made" and "until the Court has approved the Joint Proposal." Hence, unless and until the district court approves the Joint Proposal and orders the unsealing and release of the redacted videotapes, the cat will remain comfortably in the bag. This is simply not a case in which the district court has already ordered disclosure of allegedly protected documents. *Cf. Al Odah v. United States*, 559 F.3d 539, 543-44 (D.C. Cir. 2009) (finding that an order "directing disclosure of . . . unredacted classified information" was "effectively unreviewable on appeal from a final judgment" because, "[o]nce the information is disclosed, the 'cat is out of the bag' and appellate review is futile" (quoting *Papandreou*, 139 F.3d at 251)).

Moreover, in light of the district court's willingness to stay its interlocutory orders pending this appeal, we are confident that it would do so again with respect to an order directing the unsealing and release of the videotapes, or that it would at least grant a stay providing sufficient time for this court to act before the effective date of that order. If the district court does not do so, the government may, of course, apply to this court for an emergency stay pending appeal. Accordingly, the district court's decision is not effectively unreviewable on appeal.

The government further contends that the district court's decision is effectively unreviewable because, in the absence of an appeal, it will have to devote hundreds of hours of its employees' labor to making the required redactions. But the Supreme Court has consistently declined to find litigation

burdens sufficient to bring a case within the narrow scope of the collateral order doctrine. As the Court held in *Mohawk Industries*, "[t]hat a ruling 'may burden litigants in ways that are only imperfectly reparable by appellate reversal of a final district court judgment . . . has never sufficed'" to satisfy the third requirement of the doctrine. 558 U.S. at 107 (quoting *Digital Equip.*, 511 U.S. at 872); *see, e.g.*, *Lauro Lines S.R.L. v. Chasser*, 490 U.S. 495, 499 (1989) ("'[T]he possibility that a ruling may be erroneous and may impose additional litigation expense is not sufficient to set aside the finality requirement imposed by Congress' in § 1291[.] Instead, we have insisted that the right asserted be one that is essentially destroyed if its vindication must be postponed until trial is completed." (quoting *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 436 (1985))). Indeed, "[i]f the expense of litigation were a sufficient reason for granting an exception to the final judgment rule, the exception might well swallow the rule." *Richardson-Merrell*, 472 U.S. at 436 (internal quotation marks omitted).

For the foregoing reasons, we conclude that we are without jurisdiction to entertain the government's interlocutory appeal. We further note that leaving this matter with the district court for the time being may have three salutary effects. First, it will give the district court an opportunity to consider whether the eight-day time frame it set for the redaction process is reasonable in light of the declaration the government subsequently filed concerning the complexity of the task, as well as the commitment Dhiab's counsel made at oral argument to accommodate a request for more time. Second, it is possible that appropriate redactions will limit the scope of, or perhaps eliminate altogether, the government's concerns over release of the videotapes. Finally, leaving the case in the district court will also give that court an opportunity to consider the supplemental declarations that the government submitted in support of its motion for a stay. When it ruled on the intervenors' motion to

unseal, the district court did not have an opportunity to consider those declarations, which set out the harm associated with release of the videotapes in considerably more detail than the declarations the government submitted in opposition to the initial motion.

## II

We also conclude that the government's alternative request for a writ of mandamus must be denied, for substantially the same reasons that we lack jurisdiction under § 1291. Mandamus is a "'drastic and extraordinary' remedy 'reserved for really extraordinary causes.'" *Cheney v. U.S. Dist. Court for the Dist. of Columbia*, 542 U.S. 367, 380 (2004) (quoting *Ex parte Fahey*, 332 U.S. 258, 259-60 (1947)). To qualify for a writ of mandamus, three conditions must be satisfied: "(1) the mandamus petitioner must have 'no other adequate means to attain the relief he desires,' (2) the mandamus petitioner must show that his right to the issuance of the writ is 'clear and indisputable,' and (3) the court, 'in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances.'" *In re Kellogg Brown & Root, Inc.*, 756 F.3d 754, 760 (D.C. Cir. 2014) (quoting *Cheney*, 542 U.S. at 380-81).

As we have explained above, the government has another adequate means to prevent the release of the videotapes because it can appeal anew if the district court finally orders the videotapes unsealed and released. And just as the government's desire to avoid litigation burdens is insufficient to bring the case within the scope of the collateral order doctrine, it is likewise insufficient to warrant mandamus. *See In re Thornburgh*, 869 F.2d 1503, 1517 (D.C. Cir. 1989) (citing *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 383 (1953)). Under these circumstances, issuing a writ of mandamus would subvert the purpose of the no-other-adequate-means condition of

mandamus, which is "designed to ensure that the writ will not be used as a substitute for the regular appeals process." *Cheney*, 542 U.S. at 380-81. And that is something we will not do.

### III

For the foregoing reasons, we dismiss the appeal for lack of jurisdiction and deny the request for a writ of mandamus.

*So ordered.*