# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Argued March 22, 2017          Decided May 19, 2017

No. 16-5279

LIMNIA, INC.,
APPELLANT

v.

UNITED STATES DEPARTMENT OF ENERGY AND RICK PERRY,
IN HIS OFFICIAL CAPACITY AS SECRETARY OF U.S.
DEPARTMENT OF ENERGY,
APPELLEES

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:13-cv-00037)

———

*John J. Vecchione* argued the cause for appellant. With him on the briefs were *Joshua N. Schopf* and *R. James Valvo*, *III*.

*Joshua Waldman*, Attorney, U.S. Department of Justice, argued the cause for appellees. With him on the brief was *Michael S. Raab*, Attorney.

Before: GARLAND, *Chief Judge*, and GRIFFITH and KAVANAUGH, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* KAVANAUGH.

KAVANAUGH, *Circuit Judge*:  The U.S. Department of Energy provides loans and other financial support to companies that produce clean-energy vehicles and related technologies. The Department does so under various statutory programs, including the Loan Guarantee Program and the Advanced Technology Vehicles Manufacturing loan program.  To receive a loan or loan guarantee from the Department, companies must submit applications to the programs.  The Department then evaluates the applications for compliance with statutory requirements and technical merit.

Limnia is a company that specializes in the production of battery systems for electric cars.  In 2009, Limnia submitted two loan applications to the Department.  The Department rejected Limnia's applications.

Limnia sued the Department in the District Court.  As relevant here, Limnia alleged that the Department's rejection of Limnia's applications was unlawful under the Administrative Procedure Act.  Before the District Court could decide Limnia's case on the merits, however, the Department asked for the case to be remanded back to the agency.  The District Court granted the Department's voluntary remand request, returning Limnia's case to the agency and closing Limnia's judicial action.  We must determine whether it was proper for the District Court to do so.

Limnia argues that the District Court was wrong to grant the Department's voluntary remand request.  That is so, according to Limnia, because the Department did not intend to revisit the challenged agency decisions on review.  Rather, the Department sought the remand on the basis that Limnia could submit brand new applications for agency review.  Limnia

contends that, with the case in that posture, the District Court's decision to grant the voluntary remand request functioned as a dismissal of Limnia's APA claims.

We agree with Limnia. A district court has broad discretion to decide whether and when to grant an agency's request for a voluntary remand. But a voluntary remand is typically appropriate only when the agency intends to revisit the challenged agency decision on review. That prerequisite was not met in this case. We therefore reverse the order of the District Court and remand the case to the District Court for further proceedings consistent with this opinion.

I

The U.S. Department of Energy oversees various loan programs designed to spur the development and production of clean-energy technologies. This case involves two such programs: the Loan Guarantee Program and the Advanced Technology Vehicles Manufacturing loan program. *See* 42 U.S.C. § 16511 *et seq.*; *id.* § 17013. Under those programs, companies involved in the development of eligible clean-energy technologies may apply to the Department for direct financial support in the form of loans or loan guarantees.

Petitioner Limnia, Inc., develops battery systems for use in electric cars. In early 2009, Limnia applied for a loan guarantee under the Loan Guarantee Program. Around the same time, Limnia submitted an application seeking a $15 million loan under the Advanced Technology Vehicles Manufacturing loan program.

Following some back and forth with Limnia, the Department denied Limnia's applications. The Department rejected Limnia's Loan Guarantee Program application due to

Limnia's failure to pay the required application fee. As for Limnia's application to the Advanced Technology Vehicles Manufacturing loan program, the Department denied the application on the basis that Limnia's battery system did not satisfy the program's statutory requirements.

Limnia disagrees with the Department on both fronts. It claims that the Department was wrong to deny the Loan Guarantee Program application for non-payment of the application fee. Limnia alleges that the fee had been waived by then-Secretary of Energy Steven Chu. Limnia also contends that its battery system clearly met the statutory requirements for the Advanced Technology Vehicles Manufacturing loan program. Limnia asserts that the Department's explanations to the contrary were mere pretext contrived by the Department to mask a review and decision-making process infected by political bias and favoritism. Limnia sued in the District Court to challenge what it viewed as the Department's wrongful denial of the 2009 applications.

As relevant here, Limnia's complaint alleged that the Department's 2009 decisions to deny Limnia's applications violated the Administrative Procedure Act. Limnia asserted that the denials were arbitrary and capricious because they were based not on merit or other technical specifications, but on political favoritism and cronyism. Limnia also alleged that the Department administered the Loan Guarantee Program in an inconsistent and ad hoc manner. As an example, Limnia cited the Department's alleged promise to waive Limnia's application fee and subsequent denial of Limnia's application for failure to pay that same fee.

The District Court denied the Department's motion to dismiss Limnia's APA claims. The procedural history that

comes next is critical to our resolution of Limnia's appeal. We therefore recount it in detail.

Following the denial of its motion to dismiss, the Department filed a motion for a voluntary remand. Specifically, the Department requested that the District Court remand the proceedings to the Department to allow Limnia "to submit new applications that could be updated to account for any new and relevant information in support of those applications." Department Voluntary Remand Memorandum at 1, J.A. 188. Although the Department strongly disputed "that it wrongly evaluated the original applications," the Department argued that a voluntary remand was nonetheless appropriate. *Id.* at 2, J.A. 189. It noted that a voluntary remand would "afford Limnia the opportunity to reapply" to the loan programs – albeit after paying the required application fee for the Loan Guarantee Program application – "and update its loan applications with any new information about its project." *Id.* It also argued that a remand was "in the interest of preserving judicial resources." *Id.* According to the Department, the most that Limnia could receive following a successful suit would be a remand to the Department for reconsideration of Limnia's applications. The Department asserted that it was offering Limnia that "precise result" by agreeing to review Limnia's updated applications on remand. *Id.*

Limnia objected to the Department's motion for a voluntary remand. Limnia argued that a voluntary remand would be improper because the Department had "never admitted error" with respect to Limnia's original applications. Limnia Opposition to Voluntary Remand Motion at 3, J.A. 205. Limnia noted that the Department had not "conceded that Limnia's application was denied due to political favoritism, nor described how or why a remand will guarantee a fair process." *Id.* For those reasons, Limnia argued that granting a voluntary

remand would "short-circuit" Limnia's remedies under the APA. *Id.* at 1, J.A. 203. In particular, Limnia argued that remanding the case would deprive Limnia of its statutory right to have the agency's action held "unlawful and set aside." *Id.* at 6, J.A. 208 (quoting 5 U.S.C. § 706). Limnia also claimed that remanding the case would prevent the District Court from identifying the Department's procedural deficiencies and ensuring that all further Department determinations would be made by "a disinterested decision-maker." *Id.*

In January 2016, over Limnia's objection, the District Court granted the Department's voluntary remand motion. *See XP Vehicles, Inc. v. U.S. Department of Energy*, 156 F. Supp. 3d 185 (D.D.C. 2016). In so doing, however, the District Court did not clarify what the parties were required to do on remand. The Department had claimed that Limnia was required to submit *new* applications and pay any associated application fees. Limnia had claimed that the Department was required to reconsider Limnia's *original* applications and could not make Limnia pay any application fees. The District Court's order did not make clear which of the two approaches it was adopting. *Compare id.* at 188 (Department has offered to allow Limnia to "reapply to DOE's loan programs"); *id.* at 192 (Limnia has failed to explain how it would be prejudiced by "DOE's offer" to conduct unbiased review on remand); *id.* at 193 (referencing "agency's representations about its intended conduct on remand"), *with id.* at 190 (Department is offering "to review the applications *again* in an unbiased fashion") (emphasis added); *id.* at 191 (noting the Department's pledge "to 'reconsider' Limnia's applications"); *id.* at 193 (A "good-faith and unbiased reconsideration of Limnia's application is possible" on remand.). In light of its remand order, the District Court stayed Limnia's APA action. It retained jurisdiction over the case so that it could supervise the progress of the agency proceedings.

On remand, Limnia and the Department attempted to work out their disagreements on a number of contested issues. Limnia requested that the Department provide it with information about the proposed review. Limnia also asked the Department to "confirm that the agency will continue to honor its waiver of Limnia's application fee" for the Loan Guarantee Program application, as well as "all other associated fees." J.A. 283. Although the Department offered to "answer any logistical questions Limnia may have about the application process," the Department refused to accede to Limnia's more "specific demands." *Id.* at 279. Ultimately, the parties were unable to agree about how the Department's review of Limnia's applications should proceed on remand.

The Department and Limnia reported their disagreement to the District Court. At a June 2016 hearing on the subject, Limnia protested that the Department was not offering to "reconsider its original decisions," but instead requiring Limnia to "submit brand new applications with new information." *See* Tr. of 6/3/16 Hearing at 6, J.A. 290. Limnia also expressed its position that the Department should be required to waive the Loan Guarantee Program application fee. *See id.* at 5, J.A. 289. The Department stuck by its view that Limnia would need to submit new applications for review. With respect to the Loan Guarantee Program application, the Department stated its position that Limnia "must pay" the then-current application fee. *Id.* at 25, J.A. 309.

During the June hearing, the District Court questioned the Department on the fee issue. It noted that the issue of fees had not been "brought to the Court's attention in a way that made it clear to anybody" that payment of fees "was part of my remand order." *Id.*; *see also id.* at 12, J.A. 296 ("I don't recall any particular discussion of whether when Limnia refiled their

application it would be with the fee or not the fee . . . ."); *id.* at 18, J.A. 302 ("nobody apparently focused on the government's indication in its motion for a voluntary remand" that it "intended to have" Limnia "pay a fee").  The District Court instructed Limnia and the Department to meet and confer about the fee issue and submit a joint proposal as to how to proceed with the remand process.

Limnia and the Department again failed to reach an agreement.  They reported their impasse to the District Court.  Limnia argued that remand was not appropriate in light of the Department's insistence that Limnia submit new applications and pay the Loan Guarantee Program application fee.  Limnia requested that the District Court lift the stay on the judicial proceedings and allow Limnia to move forward with litigation of its APA claims.  The Department opposed Limnia's request.  It noted that Department officials remained ready and willing to "conduct a good-faith review" of any new application submitted by Limnia.  J.A. 328.

In July 2016, the District Court sided with the Department and issued an order denying Limnia's request to lift the stay on the judicial proceedings.  *See* Order Denying Reconsideration of Voluntary Remand Order, J.A. 329 ("July 2016 Order").  In its order, the District Court did not address the continuing dispute over the Loan Guarantee Program application fee or take issue with the Department's refusal to reconsider Limnia's original applications.  It instead maintained that remand was warranted because Limnia had failed to establish that "it is now in any different position with respect to having to file a new, complete application than it would have been if its APA claims were fully and successfully litigated." *Id.* at 3, J.A. 331.  Put differently, the District Court's order accepted the Department's conditions on the remand – namely, that Limnia would need to file new applications and pay the required Loan

Guarantee Program application fee. In light of Limnia's continued refusal to submit new applications, the District Court stated that "there is nothing left for this Court to do." *Id.* at 4, J.A. 332. It therefore relinquished jurisdiction to the agency and closed the case. It deemed its decision a "final, appealable order." *Id.*

Limnia next filed a timely appeal from the District Court's July 2016 order. Limnia argues that the District Court abused its discretion by remanding the case to the Department despite the Department's refusal to reconsider Limnia's original 2009 applications or waive the Loan Guarantee Program application fee. The Department counters that this Court lacks jurisdiction to hear Limnia's appeal. In the alternative, the Department contends that the District Court properly granted the Department's voluntary remand request. We now turn to those issues.

II

Before addressing the merits of Limnia's appeal, we must consider the Department's argument that we lack appellate jurisdiction. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998). The Department's central contention is that the District Court's July 2016 order denying Limnia's request to lift the stay on the judicial proceedings merely confirmed its January 2016 order granting the Department's motion for a voluntary remand. Orders granting voluntary remands, according to the Department, are not typically final for purposes of appellate review.

We disagree that we lack jurisdiction to review the July 2016 order. Viewed in context of the proceedings in the District Court and before the agency, the District Court's July 2016 order is a final, appealable order subject to our review.

By statute, this Court has jurisdiction to consider "all final decisions of the district courts of the United States." 28 U.S.C § 1291. The requirement of finality "is to be given a practical rather than a technical construction." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 171 (1974) (internal quotation marks omitted). Rulings "that terminate an action" fall within the "core" of Section 1291's requirement of finality. *Dhiab v. Obama*, 787 F.3d 563, 565 (D.C. Cir. 2015) (quoting *Gelboim v. Bank of America Corp.*, 135 S. Ct. 897, 902, slip op. at 2 (2015)); *see also LeFande v. District of Columbia*, 841 F.3d 485, 492 (D.C. Cir. 2016) (order final under 28 U.S.C. § 1291 when it "completely ends the litigation on the merits"). Conversely, if an order does not terminate an action, but instead "leaves the core dispute unresolved" for "further proceedings," it is not final for purposes of Section 1291. *American Hawaii Cruises v. Skinner*, 893 F.2d 1400, 1403 (D.C. Cir. 1990).

To determine whether we have appellate jurisdiction over the District Court's July 2016 order, we consider the practical effect of the order at the time it was entered. In doing so, it is helpful to compare the July 2016 order with the District Court's January 2016 order.

In the January order, the District Court granted the Department's request for a voluntary remand while retaining jurisdiction over the case. *See XP Vehicles, Inc. v. U.S. Department of Energy*, 156 F. Supp. 3d 185, 193 (D.D.C. 2016). As previously discussed, however, the District Court's January 2016 order did not specify whether the remand required the Department to reconsider its decisions denying Limnia's *original* 2009 loan applications, or instead required Limnia to submit *new* applications. Nor did it address whether Limnia would need to pay the Loan Guarantee Program

application fee – an omission the District Court acknowledged at a subsequent hearing.

The above facts show that it was unclear whether the January 2016 remand order required the Department to reconsider the original 2009 applications or instead required Limnia to submit new applications complete with the required application fees.  As such, the January 2016 order left the "core dispute unresolved" and was not a final order for purposes of 28 U.S.C. § 1291. *American Hawaii Cruises*, 893 F.2d at 1403.

By contrast, the July 2016 order left no doubt that the District Court accepted the Department's conditions on the proposed remand proceedings.  In both the hearing and status report preceding the order, Limnia and the Department made their positions clear:  Limnia argued that remand was inappropriate given the Department's refusal to reconsider the 2009 loan applications and insistence that Limnia pay the Loan Guarantee Program application fee.  The Department maintained that remand was appropriate, even though it was not offering to reconsider the denial of Limnia's 2009 loan applications or waive the Loan Guarantee Program application fee.  The District Court, fully aware of the parties' dueling positions, issued its July 2016 order siding with the Department and confirming its decision to remand the case. *See* July 2016 Order at 3, J.A. 331.

The District Court's July 2016 order did not return the "core dispute" – the Department's allegedly improper denial of Limnia's *2009 loan applications* – back for further proceedings by the agency. *American Hawaii Cruises*, 893 F.2d at 1403.  Instead, the order effectively terminated Limnia's APA action based on the 2009 applications. *See Dhiab*, 787 F.3d at 565.  The District Court thought so too:  It characterized its July 2016 decision as a "final, appealable order," relinquished

jurisdiction to the agency, and closed the case. July 2016 Order at 4, J.A. 332; *see also id.* at 1, 3, J.A. 329, 331. "Although that characterization cannot bind us, it does indicate that the district court thought the order had terminated the action." *Ciralsky v. CIA*, 355 F.3d 661, 667 (D.C. Cir. 2004); *see also St. Marks Place Housing Co. v. U.S. Department of Housing & Urban Development*, 610 F.3d 75, 80 (D.C. Cir. 2010).

Without appellate review by this Court, there would be no avenue – administrative or judicial – by which Limnia could obtain review of the Department's allegedly improper decisions denying the 2009 loan applications. In such a situation, denying review of the District Court's July 2016 order on the ground that it is "a 'remand' would strain common sense." *New Mexico ex rel. Richardson v. Bureau of Land Management*, 565 F.3d 683, 699 (10th Cir. 2009); *cf. Daviess County Hospital v. Bowen*, 811 F.2d 338, 342 (7th Cir. 1987) (order remanding case to agency was final for purposes of 28 U.S.C. § 1291 when applicable judicial review statute would bar any additional appeals from administrative proceedings).

We therefore conclude that the District Court's July 2016 order was final and appealable. Our jurisdiction over that final order extends to the District Court's interlocutory decisions, including the January 2016 order. *See LeFande*, 841 F.3d at 492; *Ciralsky*, 355 F.3d at 668. Therefore, we may review the voluntary remand analysis that the District Court conducted in both the January 2016 order and the July 2016 order.

III

We now turn to whether the District Court properly granted the Department's voluntary remand request.

In general, a voluntary remand request made in response to a party's APA challenge may be granted only when the agency intends to take further action with respect to the *original agency decision on review*. Otherwise, a remand may instead function, as it did in this case, as a dismissal of a party's claims.

The leading voluntary remand cases confirm that agency reconsideration of the action under review is part and parcel of a voluntary remand. *See, e.g.*, *Ethyl Corp. v. Browner*, 989 F.2d 522, 523 (D.C. Cir. 1993) (voluntary remand appropriate when agency acknowledged that new evidence had undermined agency decision and asked that the court "*remand the matter to the Agency for further consideration*") (emphasis added); *American Hawaii Cruises v. Skinner*, 893 F.2d 1400, 1401 (D.C. Cir. 1990) (voluntary remand of Coast Guard decision granted to allow "*reconsideration of that agency's ruling*") (emphasis added); *see also SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001) (agency may request voluntary remand "*in order to reconsider its previous position*") (emphasis added).

Other legal sources support the conclusion that a voluntary remand entails further agency action on the agency decision under review. *See, e.g.*, *Remand*, BLACK'S LAW DICTIONARY 1484 (10th ed. 2014) ("The act or an instance of sending something (such as a case, claim, or person) back for further action."); 3 CHARLES H. KOCH, JR., ADMINISTRATIVE LAW AND PRACTICE § 8:31, at 187 (3d ed. 2010) (voluntary remand appropriate when "agency recognizes deficiencies in its decision, explanation or procedures" and asks "court to remand the case back to the agency so that it may correct the deficiency"); Toni M. Fine, *Agency Requests for "Voluntary" Remand: A Proposal for the Development of Judicial Standards*, 28 Ariz. St. L.J. 1079, 1080 (1996) ("In general, a

motion for voluntary remand is a request by the agency-respondent, lodged in the reviewing court, that the court remand to the agency a pending appeal of some final agency action to enable the agency to conduct additional proceedings in the underlying case . . . .") (footnotes omitted); Joshua Revesz, *Voluntary Remands: A Critical Reassessment*, at 5 (May 4, 2017) (available on SSRN) (Voluntary remands "arise after petitioners seek judicial review of federal agency action, and are requests by those agencies to the reviewing court that the court send the challenged action back to the agency for further consideration.").

That is not to say that an agency need confess error or impropriety in order to obtain a voluntary remand. But the agency ordinarily does at least need to profess intention to reconsider, re-review, or modify the original agency decision that is the subject of the legal challenge.

This case illustrates why that principle can be important in practice. As discussed, Limnia brought suit under the APA to challenge what it viewed as the Department's improper denial of Limnia's 2009 applications. Limnia alleged that it was "directly harmed and aggrieved" by the Department's actions. Limnia Amended Complaint at 32, J.A. 43. Limnia therefore sought judicial review in order to vindicate its "statutory right to have its loan application decided" in accordance with the law. Limnia Opposition to Official Capacity Defendants' Motion to Dismiss at 13, *XP Vehicles, Inc. v. U.S. Department of Energy*, 156 F. Supp. 3d 185 (D.D.C. 2016) (No. 1:13-cv-00037). Such judicial vindication, Limnia claims, will help mitigate the reputational damage Limnia suffered when the Department denied its applications due in part to technical deficiencies – deficiencies Limnia claims were pretext for the Department's unlawful political favoritism.

In response to those allegations, the Department requested a voluntary remand. But it did not do so in order to reconsider Limnia's 2009 applications. Instead, it offered to review any new applications Limnia chose to submit, assuming that Limnia remitted the then-required application fees. That was so even though a central allegation of Limnia's complaint was that the Department had waived the application fee associated with the Loan Guarantee Program.

With the case in that posture, the District Court's decision to grant the Department's request and close the judicial action left Limnia stuck between a remand and a hard place: Without any means – judicial or administrative – to obtain review of the Department's 2009 application decisions, Limnia had no opportunity to vindicate its statutory rights under the APA or repair its reputational damage. As a result, the District Court's voluntary remand order was a "remand" in name only. Limnia's position was the same as if its case had been dismissed on the merits.

Therefore, although the factual background of this appeal is complicated, answering the central legal question is straightforward. The District Court erred by granting the Department's voluntary remand request when the Department did not intend to revisit the original application decisions under review. We therefore reverse the order of the District Court and remand the case to the District Court for further proceedings.[1]

---

[1] The parties agree that the appropriate standard of review is abuse of discretion. Even assuming that the standard of review is abuse of discretion rather than de novo, a question we need not decide, we agree with Limnia that the District Court's decision must be reversed.

IV

We are remanding to the District Court so that it may resolve Limnia's APA challenge to the apparently denied 2009 loan applications. That said, at oral argument in our Court, the Department seemed to suggest a newfound willingness to actually reconsider those 2009 loan applications, not merely consider any new loan applications from Limnia. If that is true, then the District Court may remand the case to the agency, as long as one condition is met. The District Court must first resolve whether Limnia has to pay the application fee associated with the 2009 Loan Guarantee Program application, or whether that fee was waived by the Department.

If it turns out that the Department misspoke at oral argument – and that it is not willing to reconsider the 2009 loan applications – then the District Court must plow forward and resolve Limnia's APA challenge.

\* \* \*

Based on the record before us, we conclude that the District Court erred by granting the Department's request for a voluntary remand. We therefore reverse the order of the District Court and remand the case to the District Court for further proceedings consistent with this opinion.

*So ordered.*