# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| WILDEARTH GUARDIANS, *et al.*, | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 20-56 (RC) |
| | : | | |
| v. | : | Re Document Nos.: | 41, 43, 45 |
| | : | | |
| BERNHARDT, *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |
| | : | | |
| WESTERN ENERGY ALLIANCE, *et al.*, | : | | |
| | : | | |
| Defendant-Intervenors. | : | | |

## ORDER

### GRANTING FEDERAL DEFENDANTS' MOTION FOR VOLUNTARY REMAND WITHOUT VACATUR

Before the Court is Federal Defendants' (the United States Bureau of Land Management ("BLM") and the federal officials named as defendants) motion for voluntary remand without vacatur. *See* Defs.' Mot. for Voluntary Remand ("Defs.' Mot."), ECF No. 41. This lawsuit involves allegations that Federal Defendants failed to comply with the National Environmental Policy Act ("NEPA") with respect to twenty-seven oil and gas leasing decisions across Colorado, Utah, Wyoming, New Mexico, and Montana. BLM's decisions are documented in environmental assessments ("EAs"), Findings of No Significant Impact ("FOSNIs"), and determinations of NEPA adequacy ("DNAs"). The present motion requests that "the Court remand the EAs, FONSIs, and DNAs for all challenged Colorado, Utah, and Wyoming oil and gas leasing decisions, as well as the September 1, 2016 New Mexico leasing decision and the December 8, 2016 and June 13, 2017 Montana leasing decisions." *Id.* at 2. While Plaintiffs do not oppose remand, they do oppose the motion to the extent it seeks remand without vacatur.

*See* Pls.' Resp. Mot. for Voluntary Remand ("Pls.' Resp."), ECF No. 42.[1]  For the reasons stated below, the Court grants the motion in full.

Courts in this Circuit "generally grant an agency's motion to remand so long as 'the agency intends to take further action with respect to the original agency decision on review.'" *Util. Solid Waste Activities Grp. v. Envtl. Prot. Agency*, 901 F.3d 414, 436 (D.C. Cir. 2018) (quoting *Limnia, Inc. v. U.S. Dep't of Energy*, 857 F.3d 379, 381, 386 (D.C. Cir. 2017)).  For that reason, and because Plaintiffs consent, the Court will remand the leasing decisions for all challenged Colorado, Utah, and Wyoming oil and gas leasing decisions, as well as the September 1, 2016 New Mexico leasing decision and the December 8, 2016 and June 13, 2017 Montana leasing decisions.

The Court remands the decisions without vacatur because it has not reviewed the EAs, FONSIs, and DNAs underlying the leasing decisions—therefore, it has no basis to vacate the agency action.  Federal Defendants argue that "the Court lacks authority to 'order vacatur . . . without an independent determination that [the challenged leasing decisions were] not in accordance with the law.'"  Defs.' Mot. at 7 (quoting *Carpenters Indus. Council v. Salazar*, 734 F. Supp. 2d 126, 135 (D.D.C. 2010)).  Furthermore, Federal Defendants argue that Plaintiffs will be able to challenge any subsequent decision post remand if they continue to consider the leasing decisions unlawful.  *Id.*  Plaintiffs request that the Court "impose reasonable conditions . . . [to] ensure that (1) no development occurs on the leases, and (2) that BLM's post-remand decisions are not limited by the agency's sense of obligation to the lessees."  Pls.' Resp. at 2.  Plaintiffs

---

[1] Intervenor Defendants filed motions for leave to file replies in support of Federal Defendants' motion. *See* Western Energy Alliance's Mot. for Leave to File Reply, ECF No. 43; American Petroleum Institute's Mot. for Leave to File Reply, ECF No. 45.  The Court finds good cause to allow Intervenor Defendants to respond to Plaintiffs' Opposition and, in light of the fact that no other parties object, the Court grants their motions.

argue that vacating the leasing decisions will provide a strong incentive "for BLM to conduct a comprehensive analysis of impacts that complies with NEPA's requirements" and that it might prevent a rushed reconsideration of the decisions at issue. *Id.* at 5. Plaintiffs point to a number of cases where courts determined that vacatur is the appropriate remedy. *See id.* at 7. However, in each of the cited cases, the court had an opportunity to review the decisions at issue. *See W. Watershed Project v. Zinke*, 441 F. Supp. 3d 1042, 1088 (D. Idaho 2020); *Wildearth Guardians v. U.S. Bureau of Land Mgmt.*, 457 F. Supp. 3d 880, 896–97 (D. Mont. 2020). Plaintiffs have pointed to no authority to vacate an administrative decision that the court has not had an opportunity to review.

Furthermore, Plaintiffs have not filed a motion for preliminary injunction requesting the conditions they outline in their opposition. An opposition to a motion is not the appropriate procedural vehicle for seeking their desired remedy. Consequently, Plaintiffs have not shown why "irreparable injury is likely in the absence of an injunction." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). The Court declines to exercise its injunctive power to impose conditions on BLM "without rigorous application of the controlling legal standard for injunctive relief." *WildEarth Guardians v. Bernhardt*, No. 16-cv-1724, Mem. Op. at 6, ECF No. 121 (D.D.C. July 19, 2019).

For these reasons, Intervenor Defendants' motions for leave to file replies (ECF Nos. 43, 44) are **GRANTED**. Federal Defendants' motion for voluntary remand without vacatur (ECF No. 41) is **GRANTED**. It is hereby:

**ORDERED** that Intervenor Defendants' proposed replies (ECF Nos. 43-1, 45-1) shall be deemed filed; and it is

**FURTHER ORDERED** that the leasing decisions for all challenged Colorado, Utah, and Wyoming oil and gas leasing decisions, as well as the September 1, 2016 New Mexico leasing decision and the December 8, 2016 and June 13, 2017 Montana leasing decisions are **REMANDED**, without vacatur, to BLM for further NEPA analysis.

**SO ORDERED**.

Dated:  October 23, 2020                              RUDOLPH CONTRERAS
                                                                    United States District Judge